IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHAVEZ PROPERTIES-AIRPORT
PARKING ALBUQUERQUE, L.P.,
a Georgia Limited Partnership, and
PARKING COMPANY OF AMERICA, INC.,
a Georgia corporation,

      Plaintiffs,

vs.                                                                                                 Civ. No. 02-145 JP/DJS (ACE)

JOHN LORENTZEN, individually, and
PARK & SHUTTLE, INC., a New Mexico
corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On February 8, 2002, the Plaintiffs filed a Verified Application for Temporary Restraining Order (TRO) and Preliminary and Permanent Injunctions (Doc. No.1). After holding a hearing on the Plaintiffs' motion for a TRO, the Honorable William P. Johnson entered a Temporary Restraining Order (Doc. No. 3) on February 11, 2002. On that same date, this case was transferred from Judge Johnson to me. On January 19, 2002, I held a status conference at which I encouraged the parties to settle their differences amicably before the TRO expired on February 21, 2002. Since the parties were unable to settle their differences, I held a preliminary injunction hearing on February 22, 2002. Penni Adrian represented the Plaintiffs at the hearing and Michael Danoff represented the Defendants. Robert and Tim Chavez were present as the corporate representatives of the Plaintiffs and both testified. Defendant John Lorentzen and Wesley Golden were also present at the hearing.

The district court may grant a preliminary injunction if the moving party shows: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest." *Kansas Health Care Ass n, Inc. v. Kansas Dep t of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (citing *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993); *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992)). "Because a preliminary injunction is an extraordinary remedy . . . the right to relief must be clear and unequivocal." *Kansas Health Care*, 31 F.3d at 1543 (citing *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

For the reasons stated on the record at the February 22, 2002 hearing, I find that the Plaintiffs have failed to show they would be irreparably harmed in the absence of a preliminary injunction and failed to show that the threatened harm, although significant, outweighs any damage the preliminary injunction may cause to the Defendants. Since the Plaintiffs have not shown that they have a clear and unequivocal right to the extraordinary relief a preliminary injunction provides, I will deny their motion for a preliminary injunction.

IT IS ORDERED that Plaintiffs' Verified Application for Temporary Restraining Order and Preliminary and Permanent Injunctions (Doc. No.1) is denied to the extent the Plaintiffs seek a preliminary injunction.

_____
CHIEF UNITED STATES DISTRICT JUDGE