IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHAVEZ PROPERTIES-AIRPORT PARKING
ALBUQUERQUE, L.P., a Georgia limited
partnership, and PARKING COMPANY OF
AMERICA, INC., a Georgia corporation,

      Plaintiffs,

vs.

                                    Civ. No. 02-145 JP/DJS (ACE)
                                    Consolidated with
                                    Civ. No. 02-209 JP/DJS
                                    and Civ. No. 02-198 JP/DJS

JOHN LORENTZEN, individually;
PARK AND SHUTTLE, INC., a
New Mexico corporation; and WES
GOLDEN, individually,

      Defendants.

MEMORANDUM OPINION AND ORDER

      On March 22, 2002, the Defendants filed an Emergency Motion for Appointment of a

Receiver (Doc. No. 29).  Having reviewed the briefs and relevant law, I find that the Defendants'

Emergency Motion for Appointment of a Receiver should be denied.  I also find that the

Defendants' request for oral argument should be denied as unnecessary.

A.  Background

      The subject of this lawsuit is the alleged mismanagement of a Joint Venture between

Plaintiff Chavez Properties-Airport Parking Albuquerque and Defendant Park and Shuttle.  The

Defendants argue that the Court should appoint a receiver to prevent any further mismanagement

of the Joint Venture by the Plaintiffs.  The Defendants suggest that the Court appoint a three

person panel consisting of a receiver who is a certified public accountant (CPA), a Plaintiffs'

representative, and a Defendants' representative. The Defendants suggest that the CPA act as the

chairperson of the panel and that the CPA begin an accounting of the Joint Venture. The

Plaintiffs oppose the appointment of a receiver but do not oppose the Court appointing an

attorney who handles business matters to act as an arbiter. The Plaintiffs propose that any of the

following attorneys would be acceptable arbiters: Wayne C. Wolf, Mark Rhodes, Barbara Pryor,

Ken Hunt, Rodney Schlagel, and Thomas D. Walker. The Plaintiffs further ask the Court to

require the Defendants to post with the Court a bond against which the Plaintiffs may make a

claim for damages they suffered as a result of the Defendants' alleged illegal acts.

B. Standard for Appointment of a Receiver

Appointing a receiver under 28 U.S.C. §959(b) "is an extraordinary equitable remedy that

lies in the discretion of the court, justifiable only in extreme situations." *Waag v. Hamm*, 10

F.Supp.2d 1191, 1193 (D. Colo. 1998)(citations omitted). "[A] federal court should appoint a

receiver only when appointment is 'auxiliary to some primary relief which is sought and which

equity may appropriately grant.'" *Id*. (quoting *Kelleam v. Maryland Cas. Co. of Baltimore, Md.*,

312 U.S. 377, 381 (1941)). In addition, "the party seeking receivership must have a legal or

equitable substantive right in the property he wishes to seize, which substantive right must amount

to more than a mere claim." *Id*. Although there is no required analysis to determine when to

appoint a receiver in a federal case, the Court is typically influenced by the following factors in

exercising its discretion in deciding whether to appoint a receiver:

> (1) the existence of a valid claim by the moving party; (2) the probability that fraudulent conduct has occurred or will occur to frustrate the claim; (3) imminent danger that property will be lost, concealed, or diminished in value; (4) inadequacy of available legal remedies; (5) lack of a less drastic equitable remedy; and (6) the likelihood that appointment of a receiver will do more harm than good.

*Id.* (citing *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-17 (8th Cir. 1993)).

C.  Discussion

Defendants Lorentzen and Park and Shuttle appear to have a valid claim to their share of the revenues and property of the Joint Venture.  There is, however, a question as to whether the Plaintiffs have actually engaged in fraudulent conduct or will probably engage in future fraudulent conduct.  There is also a question as to whether there is an "imminent danger that  property will be lost, concealed, or diminished in value...."  Moreover, the parties appear to have adequate legal remedies to protect their rights.  The parties could also avoid the appointment of a receiver if they request Magistrate Judge Svet to mediate the parties' selection of an arbiter.  Finally, the Defendants' proposal that a CPA perform an accounting of the Joint Venture goes beyond merely providing relief that is auxiliary to the requested primary relief.  Under these circumstances, the extraordinary remedy of appointing a receiver is inappropriate.  In addition, the Plaintiffs' requests that the Court appoint an arbiter and require the Defendants to post a bond are unwarranted.

IT IS ORDERED that:

1.  Defendant's request for a hearing on Defendants' Emergency Motion for Appointment of a Receiver (Doc. No. 29) is denied;

2.  Defendants' Emergency Motion for Appointment of a Receiver (Doc. No. 29) is denied;

3.  Plaintiffs' request for the appointment of an arbiter by the Court is denied;

4.  Plaintiffs' request that the Defendants post a bond is denied; and

5.  The parties are urged to confer with Judge Svet regarding the selection of a mutually

acceptable arbiter for the purpose of arbitrating continuing business operations disputes.

_____
CHIEF UNITED STATES DISTRICT JUDGE