UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHAVEZ PROPERTIES-AIRPORT PARKING**
**ALBUQUERQUE, LP, and PARKING COMPANY**
**OF AMERICA, INC.**,

      Plaintiffs,

     v.                                         CIV NO. 02-145 JP/ACT

**JOHN LORENTZEN, PARKA AND SHUTTLE, INC.,**
**and WES GOLDEN**,

      Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**

**AND RECOMMENDED DISPOSITION**[1]

1. **THIS MATTER** comes before the Court upon Plaintiff's Notice of Objection to Defendants' Attorney's Continued Representation of Defendants Park & Shuttle, Inc., Wesley Golden and John Lorentzen Due to Actual Conflict filed April 21, 2003 (Docket No. 132). This matter has been informally referred to the undersigned Magistrate Judge for proposed findings and a recommended disposition. Defendant's response to the notice was filed on May 5, 2003 and the undersigned held a hearing on the matter on May 15, 2003.

2. This matter is a diversity action in which Plaintiffs assert causes of action for breach of

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to Fed.R.Civ.P. 72, file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

contract, conversion, theft of proprietary information, tortuous interference with contract, civil conspiracy, fraud, and breach of fiduciary duty. These claims stem from a joint venture agreement between Plaintiffs and Defendants Lorentzen and Park and Shuttle, Inc., entered into on January 1, 2000. Plaintiffs agreed to manage combined parking lots near the Albuquerque airport with one of Plaintiffs' employees as site manager. Plaintiffs contend that Defendant Lorentzen converted that manager, Defendant Wes Golden, to work for him and used Plaintiffs' assets for Defendants' own profit. Defendant Lorentzen asserts that Plaintiff mishandled funds and owes him money.

3. The gravamen of Plaintiffs' "Notice of Objection" is that an actual conflict has arisen between defendants Wes Golden, Park & Shuttle and John Lorentzen because Golden was the manager of the joint venture operation from January 1, 2002 to January 30, 2002. Plaintiffs assert that Golden embezzled funds from his co-defendants and from them, precluding joint representation by one attorney. As a preliminary question, Defendants contend that the pleading giving rise to this matter constitutes a motion seeking relief from the Court and, as such, is untimely. Plaintiffs argue that the pleading merely raises a matter of concern to the Court and all parties in an effort to avoid an unnecessary appellate issue. This Court will not decide whether the "Notice of Objection" is properly characterized as a motion or whether it is untimely, as such a decision is unnecessary to the resolution of this matter.[2]

4. After review of the pleadings and hearing the arguments of counsel, the Court concludes

---

[2] The Court notes that the question of the timeliness of this matter is substantially complicated by the fact that the parties have engaged in *ad hoc* discovery extensions and exchanged discovery material well after the close of discovery and without permission of the Court. Having undertaken discovery and pre-trial practice outside the deadlines imposed by the Court, the parties cannot avail themselves of the Court's authority to resolve disputes arising from that late discovery.

that no conflict of interest is apparent, given the scope of the current amended complaint, the allegations, and the joint venture agreement. Further, if a conflict did exist with regard to Defendants' attorney, it has been waived.

5. In the criminal context, the Tenth Circuit Court of Appeals held that a party can knowingly and intelligently waive an actual conflict of interest in <u>United States v. Migliaccio</u>, 34 F.3d 1517, 1526 (10th Cir. 1994). Counsel for Defendants represented and this Court finds that he timely discussed the issue of any potential conflicts with his clients and that, further, Defendants waived those potential conflicts. Defendants Lorentzen and Golden provided sworn testimony at the May 15, 2003 hearing and this Court satisfied itself that they have knowingly and intelligently waived any conflicts that might arise due to their representation by a single attorney. Further, those Defendants understand the situation under which the alleged conflict occurred and under which other such potential conflicts might occur.

**RECOMMENDED DISPOSITION**

That no conflict of interest be found and any potential conflicts of interest be found to be knowingly and intelligently waived by Defendants. Further, that this matter proceed to trial.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**