IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHAVEZ PROPERTIES-AIRPORT PARKING
ALBUQUERQUE, LP, a Georgia limited partnership,
and PARKING COMPANY OF AMERICA, INC.,
a Georgia Corporation,

    Plaintiffs,

vs.                                                Civ. No. 02-145 JP/DJS (ACE)

JOHN LORENTZEN, individually, and
PARK AND SHUTTLE, INC., a New Mexico
Corporation, and WES GOLDEN, individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On February 10, 2003, Plaintiffs filed Plaintiffs' Motion in Limine to Prevent Arbiter Kenneth Hunt's Testimony at Trial (Doc. No. 118). Having reviewed the briefs and the relevant law, the Court concludes that the Plaintiffs' motion in limine should be denied.[1]

---

[1] On June 3, 2003, the Court held a hearing on Plaintiffs' Emergency Second Request for Reconsideration of Application for Preliminary Injunction (Doc. No. 136). The Court stated at that hearing that it was inclined to deny the Plaintiffs' motion in limine and advised counsel that a written decision would be forthcoming.

The Plaintiffs argue that Mr. Hunt's testimony would be inadmissible under Fed. R. Evid. 408 (Compromise and Offers to Compromise).[2] The Plaintiffs contend that Mr. Hunt's position as arbiter was to resolve issues by compromise and that the parties provided Hunt with candid information. The Plaintiffs believe that having Mr. Hunt testify as a witness would have a chilling effect on future meetings with Mr. Hunt. Finally, the Plaintiffs argue that Mr. Hunt's recital of Defendants' claims regarding the conduct of the Plaintiffs would be inadmissible hearsay.

The Defendants argue that "Hunt has knowledge from a neutral standpoint on the conduct of the parties and the operation of the business during his tenure...." Response (Doc. No. 122) at 1. The Defendants claim that this knowledge is relevant to the issues of continuing bad faith, damages, and credibility. The Defendants also argue that Mr. Hunt did not conduct any settlement negotiations on any ultimate issue. The Defendants note that if Mr. Hunt appears likely to disclose a settlement position during his testimony at trial, the Plaintiffs can make an objection at that time.

The Court agrees with the Defendants. First, it is doubtful that Mr. Hunt's decisions and the discussions leading to his decisions can be characterized as settlements or compromises

---

[2]Rule 408 states:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

deciding the validity or amount of a claim in this case. Rule 408 was intended to apply to the settlement of legal claims raised in a lawsuit, but not to apply to the day-to-day business issues which Mr. Hunt arbitrated. Second, assuming that the parties' discussions with Mr. Hunt are considered discussions leading to a settlement or compromise, Rule 408 nonetheless allows those discussions to be offered for another purpose like bias. Here, the Defendants plan to offer the testimony of Mr. Hunt to show bad faith, damages, and credibility. As the Defendants noted, if any improper settlement issue arises as a result of the testimony of Mr. Hunt at trial, the Court can hear any objections at that time. Hearsay objections can also be addressed at trial.

    IT IS ORDERED that Plaintiffs' Motion in Limine to Prevent Arbiter Kenneth Hunt's Testimony at Trial (Doc. No. 118) is denied at this time.

_____
CHIEF UNITED STATES DISTRICT JUDGE