IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHAVEZ PROPERTIES-AIRPORT
PARKING ALBUQUERQUE, L.P.,
a Georgia Limited Partnership, and
PARKING COMPANY OF AMERICA, INC.,
a Georgia corporation,

    Plaintiffs,

vs.                                                                                                  Civ. No. 02-145 JP/DJS (ACE)

JOHN LORENTZEN, individually, and
PARK & SHUTTLE, INC., a New Mexico
corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On May 14, 2003, the Plaintiffs filed Plaintiffs' Emergency Second Request for Reconsideration of Application for Preliminary Injunction (Doc. No. 136). A hearing on the Plaintiffs' motion was held on June 3, 2003; June 11, 2003; and June 13, 2003. Penni Adrian represented the Plaintiffs at the hearing and Michael Danoff represented the Defendants. Tim Chavez was present for all three days of the hearing as the corporate representative of the Plaintiffs and testified on June 13, 2003. Robert Chavez, another corporate representative of the Plaintiffs, was present at the hearing on June 11, 2003. Defendants John Lorentzen and Wesley Golden were present at the hearing for all three days. Defendant Lorentzen testified on June 13, 2003 and Defendant Golden testified on June 11, 2003. Lois Lorentzen, Defendant Lorentzen's wife, was present at the hearing on June 3, 2003.

The district court may grant a preliminary injunction if the moving party shows: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the

injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest." *Kansas Health Care Ass n, Inc. v. Kansas Dep t of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (citing *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993); *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992)). "Because a preliminary injunction is an extraordinary remedy . . . the right to relief must be clear and unequivocal." *Kansas Health Care*, 31 F.3d at 1543 (citing *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

For the reasons stated on the record at the June 13, 2003 hearing, I find that although the Plaintiffs may have shown a substantial likelihood of success on the merits, they have failed to show they would be irreparably harmed in the absence of a preliminary injunction and failed to show that the threatened harm outweighs any damage the preliminary injunction may cause to the Defendants. Since the Plaintiffs have not shown that they have a clear and unequivocal right to the extraordinary relief a preliminary injunction provides, I will deny their motion for a preliminary injunction.

IT IS ORDERED that Plaintiffs' Emergency Second Request for Reconsideration of Application for Preliminary Injunction (Doc. No. 136) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE