## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHAVEZ PROPERTIES- AIRPORT
PARKING, ALBUQUERQUE, LP,
a Georgia limited partnership,
and PARKING COMPANY OF
AMERICA, INC., a Georgia
corporation,

    Plaintiffs,

vs.             Civ. No. 02-0145 JP/ACT

JOHN LORENTZEN, individually
and PARK AND SHUTTLE, INC.,
a New Mexico corporation, and
WES GOLDEN, individually,

    Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

  Plaintiff Chavez Properties-Airport Parking, Albuquerque, L.P., and Plaintiff Parking

Company of America, Inc. ("PCA") filed an Application for Review of Certain Costs Not

Assessed by the District Court Clerk on May 27, 2005.  (Doc. No. 253).  On May 31, 2005,

Defendant John Lorentzen, Defendant Park and Shuttle, Inc., and Defendant Wes Golden filed

Defendants' Objections to Clerk's Order of May 24, 2005, Settling Costs. (Doc. No. 255).  After

careful review of the arguments of counsel and the record, the Court affirms, in part, and reverses,

in part, the Clerk's Order Settling Costs. (Doc. No. 252).

    *I.*   *Factual and Procedural Background*

  The dispute between Plaintiffs and Defendants arises out of a joint venture agreement

wherein both parties agreed to join together and manage two parking lots near the Albuquerque, New Mexico Sunport Airport.  Plaintiffs filed suit in February 8, 2002 after numerous problems ensued.  Plaintiffs essentially had three claims: (1) loss of benefit of bargain; (2) conspiracy to divest funds, assets and customers; and (3) breach of fiduciary duty.  Defendants cross-claimed for: (1) Accounting; (2) actual or constructive fraud and conspiracy to defraud; (3) tortious interference with business relations; (4) breach of fiduciary duty; (5) conversion of corporate funds and opportunities; (6) damage to credit reputation; and (7) attorney fees and costs.

After a bench trial held over several days in November 2003 and March 2004, the Court found that Plaintiffs had established their claim of (1) loss of benefit of bargain.  The Court further concluded that Plaintiffs claim for (2) conspiracy was subsumed into its first claim.  Finally, the Court determined that Plaintiffs had established that (3) Defendants breached their fiduciary duty.  However,  the Court stated that "[w]hile plaintiffs have established a breach of contract and trust, they have failed to present reliable evidence that they sustained any damages.  Accordingly, the Court will award plaintiffs nominal damages, together with [their] costs." (Doc. No. 232).  Plaintiffs were awarded nominal damages in the amount of $ 1.00 and judgment was entered in their favor.  Defendants' claims were denied in their entirety and dismissed with prejudice.

Plaintiffs submitted a motion and a bill of costs on December 13, 2004 requesting $ 42,139.23 in costs.  (Doc. No. 236).  On December 20, 2004, Plaintiffs submitted an errata to the bill of costs correcting an error in their request.  (Doc. No. 241).  Defendants filed a response in opposition to the bill of costs on December 29, 2004.  (Doc. Nos. 243 & 244).  The Clerk settled costs against the Defendants by an Order on May 25, 2005, (Doc. No. 252), and awarded the following costs.

In Item 1 of the Clerk's Order, the Clerk disallowed Plaintiffs' transcript costs in the amount of $ 10,930.08.  In Item 2, the Clerk allowed $ 80.00 for Plaintiffs' witness fees, but disallowed $ 640.00 of the requested fees.  In Item 3, the Clerk allowed $ 240.00 for service of process costs, but disallowed $ 960.00.   In Item 4,  the Clerk allowed $ 7,326.62 for witness mileage, travel, and subsistence costs, but disallowed $ 2,803.45 of Plaintiffs' requested costs.  In Item 5, the Clerk disallowed $ 1,143.97 for Plaintiffs' requested in-house copying costs.  In Item 6, the Clerk allowed $ 20.00 for third party copying costs, but disallowed Plaintiffs' requested copying costs in the amount of $ 9,326.65.  In Item 7, the Clerk allowed $ 3,450.29 for the fees of court appointed experts, but disallowed $ 2,795.28 in fees.  Finally, in Item 8, the Clerk allowed $ 3,198.35 for the deposition costs of eight witnesses, but in Item 9 the Clerk disallowed $  498.86 for the deposition costs of two other witnesses.

Thus, the Clerk awarded Plaintiffs a total of $ 14,315.26 in costs, but disallowed a total of $ 29,098.29 of Plaintiffs' requested costs.  Plaintiffs filed objections to Items 1, 5, 6, and 7 of the Clerk's Order.  Defendants object to Items 4, 7, and 8.  The parties do not object to Items 2, 3, and 9 of the Clerk's Order Settling Costs.

## II.    Discussion

### a.    Plaintiffs' Entitlement to Costs

The Court will review *de novo* the Clerk's assessment of taxable costs.  *Furr v. AT&T Technologies, Inc.*, 824 F.2d 1537, 1550 n.11 (10th Cir. 1987).  The parties make several objections to the Clerk's settlement of costs.  However, before considering the parties' specific objections, the Court will address Defendants' general argument that Plaintiffs are not entitled to costs.

3

Under Rule 54 of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be awarded as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d). A district court has broad discretion to award costs to a prevailing party. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). However, the court's discretion is limited by a presumption under Rule 54 in favor of awarding costs to the prevailing party. *Id.; Cantrell v. International Brothers of Elec. Workers*, *AFL-CIO, Local 2021*, 69 F.3d 456, 458-59 (10th Cir. 1995). And a court must articulate a valid reason for denying costs. *Rodriguez*, 360 F.3d at 1190. For example, a court may deny costs when the prevailing party was only partially successful, when damages were only nominal, when costs were unreasonably high or unnecessary, or when the issues were close or difficult. *Id.* The non-prevailing party bears the burden of overcoming the presumption in favor of awarding costs. *Cantrell*, at 69 F.3d at 459.

Although the Court has previously determined that Plaintiffs are entitled to costs, the Defendants argue that Plaintiffs are not the "prevailing party" and therefore are not entitled to costs. Plaintiffs only recovered nominal damages, and Defendants reason that since Plaintiffs did not obtain the large recovery sought, they did not prevail. Additionally, Defendants request that the Court, in its discretion, deny Plaintiffs costs based on the recovery of only nominal damages. After considering Defendants' argument, the Court finds that the earlier award of costs to Plaintiffs was appropriate.

First, Plaintiffs may be considered the prevailing party. The determination of prevailing party status is generally a question of law. *Browder v. City of Moab*, __ F.3d ___, 2005 U.S. App. LEXIS 22200 (10th Cir. Oct. 14, 2005). In *Farrar v. Hobby,* the Supreme Court held that a plaintiff who was awarded only nominal damages could be considered a prevailing party for

4

purposes of an award of attorneys fees in a civil rights case.  506 U.S.103 (1992).  The Supreme Court reasoned that a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  506 U.S. at 109.  Further, "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he would otherwise not pay."  *Id.* at 113.  Under *Farrar*, the degree of success obtained does not affect the determination of a litigant's prevailing party status—rather, the degree of success affects the analysis and determination of what constitutes a "reasonable" fee.  *Id.* at 109-114.

Of course, *Farrar* dealt with attorney's fees under 42 U.S.C. § 1988, while Defendants object to the taxing of costs under Rule 54 and 28 U.S.C. § 1920.  However, the Tenth Circuit has stated that "[i]n general, the litigant who is the prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs."  *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001).  In *Barber*, the Tenth Circuit awarded costs to a plaintiff in a Title VII case who had obtained only nominal damages.  *Id.*  The Court also went on to state that "usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of [Rule 54]." *Id.* at 1234.

Plaintiffs obtained both a nominal damages award and judgment in their favor.  Plaintiffs were denied compensatory damages because they failed to establish the amount of damages with certainty, not because their claim lacked merit.  Additionally, all of Defendants' claims were dismissed with prejudice.  Plaintiffs may be considered the "prevailing party" for purposes of Rule 54, and they are presumptively entitled to costs.

Second, Defendants have not overcome the presumption in favor of awarding costs to Plaintiffs. Defendants argue that an award of costs "would leave any defendant at the mercy of any plaintiff who wants to sue for any reason, even malice, secure in the knowledge that the most nominal win will push the entire cost burden onto the other party." (Doc. No. 255). Although Plaintiffs were awarded only nominal damages, Plaintiffs established the underlying merits of their claim. Plaintiffs were awarded nominal damages only because they did not produce reliable evidence that they had suffered any damages. Plaintiffs therefore did not sue for just "any reason, even malice." Denial of costs is a severe penalty, and there must be some apparent reason to penalize a party if costs are denied. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526-27 (10th Cir. 1997). Defendants have not established that there is an apparent reason to penalize Plaintiffs, and have not overcome the Rule 54 presumption in favor of awarding Plaintiffs costs. Plaintiffs are therefore entitled to recover costs under Rule 54.

### b.    Standard of Review

Although the non-prevailing party carries the burden of showing that the prevailing party is not entitled to costs, the prevailing party bears the burden of establishing the amount of costs it is entitled to receive. *English v. Colorado Dept. of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001). Taxation of costs under Rule 54(d) is guided by 28 U.S.C. § 1920, which provides that the court may tax as costs:

> (1) Fees of the Clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses,

6

and costs of special interpretation services under section 1828 of
this title

28 U.S.C. § 1920 (2005).  A court is not required to award § 1920 costs to a prevailing party,

however, the court cannot "award items as costs that are not set out in section 1920."  *Bee v.*

*Greaves*, 910 F.2d 686, 690 (10th Cir. 1990) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*,

482 U.S. 437, 441 (1987)).

Under § 1920, the burden is on the prevailing party to establish that its requested costs are

"necessarily obtained for use in this case by pointing to the existing record or supplementing it

with additional proof."  *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1258 (10th Cir.

1998).  "Necessarily obtained" under § 1920 does not mean that the materials were convenient to

counsel or made the trial judge's task easier.  *U.S. Industries, Inc. v. Touche Ross & Co.*, 854

F.2d 1223, 1245 (10th Cir. 1988).  The most direct evidence of necessity is actual use at trial, but

use at trial is not strictly required.  *Id.*   Finally, even if the costs were necessarily obtained, the

amount of costs awarded must be reasonable.  *Id.*  With this standard in mind, the Court turns to

Plaintiffs' and Defendants' specific objections to the Clerk's award of costs.

### c.    *Plaintiffs' Objections*

Plaintiffs make three specific objections to the Clerk's settlement of costs.  First, Plaintiffs

object to the Clerk's disallowance of their requested transcript costs.  Second, Plaintiffs argue that

the Clerk should have awarded the costs Plaintiffs incurred for in-house and third-party copying.

Finally, Plaintiffs argue that they should recover the entire fee they paid to Kenneth Hunt, the court-

appointed arbiter.  The Court addresses each of these objections in turn.

**Item 1**:  The Clerk disallowed transcript costs in the amount of $ 10,930.08 because the transcripts were not authorized in advance or requested by the Court in accordance with D.N.M. LR-Civ. 54.  Plaintiffs had requested transcript costs in the amount of $ 9,547.38.[1]  Plaintiffs object to the Clerk's disallowance, arguing that the Clerk did not consider 28 U.S.C. § 1920 when evaluating taxable costs.  Section 1920 provides that "a judge . . . may tax as costs the following . . . (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920 (2005).

After reviewing the record, the Court determines that the Clerk's disallowance of transcript costs should be reversed.  Litigation in this case spanned over two years, from the beginning of 2002 to the end of 2004.  A bench trial was commenced in November 2003, but had to be continued until March 2004.  It was appropriate for Plaintiffs to obtain transcripts to prepare for trial and to assist the attorneys and the Court in preparing findings of fact and conclusions of law.  Plaintiffs are therefore entitled to recovery of their requested transcript costs, with one exception.

Plaintiffs are not entitled to recover the costs for Plaintiffs' bill of costs Item I(B)(5), a "Transcript of Jury Trial in City of Albuquerque v. Park & Shuttle, Inc."  (Doc. No. 236).  Under § 1920, Plaintiffs have the burden of establishing that the transcripts were necessarily obtained for use in the case.  *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1208 (10th Cir. 1986).  Plaintiffs have not indicated how the *City of Albuquerque v. Park & Shuttle*, *Inc*. transcript was used during the proceedings.  Since Plaintiffs bear the burden of establishing its necessity, the cost of Item I(B)(5),

---

[1]     The Clerk miscalculated the total amount of transcript costs requested.  This miscalculation is understandable since Plaintiff's Bill of Costs does not clearly indicate that some dollar amounts listed represent subtotals of multiple transcripts obtained, rather than actual costs incurred.

$ 1,086.69, will be disallowed.  *See Case,* 157 F.3d at 1258 ("The appellants—not the district court—had the burden to prove that the copies for which they sought reimbursement were necessarily obtained for use in this case by pointing to the existing record or supplementing it with additional proof, and the amount of their request must have been reasonable.").

Plaintiffs are therefore entitled to an award of $ 8,460.69 ($ 9,547.38  minus $ 1,086.69) for the cost of transcripts, and the Clerk's disallowance will be reversed to that extent.

**Items 5 and 6:** The Clerk disallowed Plaintiffs' requested in-house copy costs in the amount of $ 1,143.97 and third party copy costs in the amount of $ 9,326.65 because Plaintiffs had failed to sufficiently support their request.  In denying these costs, the Clerk stated that "a party seeking to recover photocopying costs must show that the copies were necessary and provided either to the court or opposing party . . . costs for the convenience . . . of counsel may not be recovered." (Doc. No. 252).  The Clerk allowed $ 20.00 for the cost of jury questionnaires.  Plaintiffs argue that the copies were reasonably necessary to the litigation.

After reviewing the record, the Court determines that the Clerk's disallowance of in-house and third-party copy costs should be affirmed.  A review of the record supports the following:

**Summary of In-House Copy Costs**:

Plaintiffs requested:  $ 1,143.97
Total # of pages copied:  5,950
Price: 15 cents per page
         5,950 x .15 = $ 892.50

Total charges incurred: $ 892.50[2]

**Summary of third-party copying costs:**[3]

Total cost of Plaintiffs' request:  $ 9,346.65
Total costs supported by record:[4]  $ 9,170.17
Total pages copied: unknown
Total pages supported by record:[5] 59,373 pages
$9,346.65 \div 59,373 = .157$
$9,170.17 \div 59,373 = .154$
Average price: 15 cents per page

As stated above, "necessarily obtained" under § 1920 does not mean that the materials were convenient to counsel or made the trial judge's task easier. *See Touche*, 854 F.2d at 1245.  The most direct evidence of necessity is actual use at trial, but use at trial is not strictly required. *Id.*

Plaintiffs have not demonstrated that the requested copying expenses were necessarily obtained.  Defendants apparently do not dispute the necessity of the copying costs.  Nevertheless, the

---

[2]      Plaintiffs requested $ 1,143.97 for in-house copying costs.  However, Items I(D)(1)(f) and I(D)(1)(g) are incorrectly listed in Plaintiff's Bill of Costs. (Doc. No. 236).  In December 2003, Plaintiffs copied 586 pages at a cost of $ 87.90.  However, Plaintiffs request $ 153.69 for December 2003.  Similarly, in January 2004, Plaintiffs copied 248 pages at a cost of $ 37.20.  However, Plaintiffs request $ 223.28 for January 2004.  Thus, Plaintiffs incurred $ 892.50 in total in-house copying costs, and not $ 1,143.97.

[3]      A full discussion of Plaintiffs third-party copy costs may be found in the attached appendix.

[4]      This figure represents the total amount of readable receipts in the record.

[5]      The calculation of the total pages copied excludes such items as binding, tabs, CD cases, access fees, et cetera.  Instead, the items used to generate this figure are marked by an "*X*" in the appendix.  However, please note that all items that Plaintiffs requested are included in calculating the total amount of third party copying costs. Thus, the amount described in Footnote 4 includes such items as binding and tabs, as well as sales tax.

Court is required to give careful scrutiny to items proposed as costs by winning parties.  *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964).  The fact that Defendants do not raise the issue of reasonableness or necessity does not mean that the Court should award the Plaintiffs excessive copy costs.

In support of their contention that the costs were reasonable and necessary, Plaintiffs rely on the affidavit of Plaintiffs' attorney and on the receipts submitted in their Bill of Costs.  The affidavit states that "the costs that [Plaintiffs] claim in their Bill of Costs are allowable by law, are correctly stated, and were reasonable in cost and necessary to the litigation."  (Doc. No. 237);  *See also* 28 U.S.C. § 1924 (verification of bill of costs).  Plaintiffs motion for costs also asserts that "[c]opies were necessary for the production and service of pleadings, correspondence, and discovery," but does not discuss exactly how the 65,323 copies were used. (Doc. No. 238).

The $ 20.00 spent to purchase copies of jury questionnaires apparently was for the purpose of enabling counsel to prepare for voir dire before the parties determined to proceed through a bench trial.  However, the remaining receipts Plaintiffs submitted do not identify what papers were copied. Plaintiffs have not shown when or where these other copies were used.  Nor have Plaintiffs identified what purpose these other copies served.  Therefore, Plaintiffs have failed to establish that the requested copy costs, other than the $ 20.00 for copies of jury questionnaires, were necessarily obtained for use in the case.  *See, e.g.,  English*, 248 F.3d at 1013 (denying costs when a prevailing party made "no attempt to explain how the listed expenditures meet the requirements of § 1920 or even to identify the purpose of each expenditure.  In the absence of any such identification, [the prevailing party] is not entitled to costs under § 1920.").

Plaintiffs also have not established that the requested copying costs are reasonable in amount.

11

Some of the copies were probably used at trial, and the quantity of paper used for pleadings, motions, and exhibits alone is voluminous—there are currently 256 docket entries, and 238 exhibits were admitted into evidence at trial.  However, even though the average price was only 15 cents per page, Plaintiffs have not demonstrated how and why the expense of 65,323 copies is reasonable.

Therefore, the Clerk's allowance of $ 20.00 for the cost of copies of jury questionnaires, and the Clerk's disallowance of $ 10,470.62 for other copying costs will be affirmed.

**Item 7:**  Plaintiffs requested $ 5,590.57 for one-half of the fee of Kenneth Hunt, the court-appointed arbiter.  The Clerk awarded Plaintiffs $ 2,795.29, or one-half of Plaintiffs' request.  After reviewing the record, the Court finds that the Clerk's award of $ 2,795.29 should be reversed, and Plaintiffs should not recover the Clerk's award of $ 2,795.29 for one-half of Mr. Hunt's fee.

By a stipulated Order on June 14, 2002, the parties were each ordered to split and pay Mr. Hunt's fees equally.  (Doc. No. 54).  Mr. Hunt billed the parties a total of $ 11,679.81 for his services.  The parties shared this expense more or less equally, with Plaintiff paying $ 5,590.57.  Plaintiffs agreed to this obligation, and were previously ordered by the Court to pay one-half of Mr. Hunt's fees.  Plaintiffs do not challenge the earlier Order by the Court splitting the fees.  Defendants have already paid their portion of Mr. Hunt's fees, and should not be required to pay one-half of Plaintiffs' obligation.  Therefore,  the Clerk's award of $ 2,795.29 for Mr. Hunt's fees will be reversed.

However, after further review of the record, the Court will affirm the Clerk's award of $ 655.00 for fees of the other court appointed expert, Phyllis Thunborg.

>                 d.      *Defendants' Objections*

Along with Defendants general objection that the Plaintiffs were not the prevailing party, the Defendants make three specific objections to the Clerk's Order Settling Costs.  The Court will address each objection in turn.

**Item 4:**  Defendants object to the Clerk's award of costs to the Plaintiffs for witness travel and subsistence costs.  The Clerk allowed all airfare expenses for the witnesses, and awarded a *per diem* rate for the witnesses' subsistence expenses in accordance with 28 U.S.C. §§ 1821 and 1920. Defendants argue that the witnesses were all employees of Plaintiff PCA, that the travel expenses were substantial, and that "these witnesses only had information to give in court because they had once similarly been brought in to perform temporary tasks for Plaintiff."   The Court construes Defendants' objection as essentially arguing that Plaintiffs' witness travel and subsistence expenses were neither reasonable nor necessary under § 1920.

Section 1920(3) allows the Court to tax as costs "[f]ees and disbursements for printing and witnesses."   Allowable witness expenses are set forth in 28 U.S.C. § 1981, which "permits a witness to recover for travel expenses to and from trial and provides a subsistence allowance if the witness must stay overnight to attend trial."   *Reazin v. Blue Cross & Blue Shield of Kansas, Inc*., 899 F.2d 951, 980 n.45 (10th Cir. 1990).  The subsistence allowance may not exceed the *per diem* rate given to federal employees for official travel in the area.  28 U.S.C. § 1821(d)(2).

After carefully reviewing the record, the Court finds that the Clerk properly taxed costs of $ 7,326.62 against the Defendants for Plaintiffs' witness mileage, travel, and subsistence expenses. Although Defendant correctly points out that all of the witnesses listed in Item 4 are former or current

employees of Plaintiff PCA,[6] the witnesses all testified in the litigation.  The witnesses' testimony was relevant to the issues in dispute.  As stated above, the most direct evidence of necessity is actual use at trial.  *Touche*, 854 F.2d at 1245.   The fact that all the witnesses were employees of Plaintiff PCA does not detract from the necessity of these costs.  Further, the witnesses traveled on common airfare carriers, and the Clerk only awarded the Albuquerque, New Mexico federal *per diem* rate for lodging and food expenses.  The allowed expenses are therefore reasonable.  Since the allowed witness mileage, travel, and subsistence costs were reasonable and necessarily obtained, the Clerk's award of $ 7,326.62 will be affirmed.

**Item 7:**  As discussed above, the award of $ 2,795.29 by the Clerk for one-half of Plaintiffs' obligation to Kenneth Hunt will be reversed.

**Item 8:**  Defendants' specific objection to Item 8 is identical to its general objection, that is, Plaintiffs were not the prevailing party.  As discussed above, Plaintiffs may appropriately be considered the prevailing party, and the Court has determined that Plaintiffs are entitled to recover costs.  After further review of the Clerk's Order, the Court finds that the Clerk appropriately assessed Plaintiffs' deposition costs.  *See* 28 U.S.C. § 1920; *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998) ("The costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party under 28 U.S.C. § 1920.").  *See also*

---

[6]         Dale Losey is a corporate accounting manager and Chief Financial Officer of PCA; Karen "Toni" Kennett is a controller for PCA; Brenda Edmonds is an Insurance Coordinator for PCA; Martin Chavez is the President of PCA; James McCleaf is a Facilities Manager for a PCA lot in Maryland; and Bronwyn Williams is a Manager of a PCA lot in Maryland.

D.N.M. LR-Civ. 54.2(b)(2)(C) (outlining when a deposition is reasonably necessary for litigation). Thus, the Clerk's award of $ 3,198.35 for the deposition costs of the witnesses who testified at trial will be affirmed.

Finally, after further review of the Clerk's Order Settling Costs, the Court determines that the remaining portions of the Clerk's Order, specifically Items 2, 3, and 9, will be affirmed.

In summary, Plaintiffs are entitled to the following costs:

1.   $ 8,460.69 for the cost of transcripts.

2.   $ 80.00 for the cost of witness fees.

3.   $ 240.00 for service of process costs.

4.   $ 7,326.62 for witness mileage, travel, and subsistence costs.

5.   $ 20.00 for third party copy costs (jury questionnaires).

6.   $ 655.00 for court appointed expert's fees (Phyllis Thunborg).

7.   $ 3,198.35 for deposition costs.

Total:  $ 19,980.66

IT IS THEREFORE ORDERED that the Clerk's Order Settling Costs (Doc. No 252) is AFFIRMED as to Items 2, 3, 4, 5, 6, 8, and 9.

IT IS FURTHER ORDERED that the Clerk's Order Settling Costs is REVERSED as to Items 1 and 7.  Plaintiffs are to be awarded $ 8,460.69 for the cost of transcripts under Item 1.

15

Plaintiffs' request for fees for the Court appointed arbiter, Kenneth Hunt, is denied, and the Clerk's award of $ 2,795.29 under Item 7 is reversed.

IT IS FURTHER ORDERED that Plaintiffs are awarded total costs of $ 19,980.66. Accordingly, costs are taxed against the Defendants and in favor of the Plaintiffs in the amount of $ 19,980.66.

_____
SENIOR UNITED STATES DISTRICT JUDGE

16

### APPENDIX

**Plaintiffs' Third-party copy costs**:

    a.  Albuquerque Legal:
         Plaintiffs request: $ 698.47
         Price:  14 cents - $ 2.50 per page
         Total # of copies:
                3,790 pages at 14 cents per page.  *X*
                52 pages at $ 1.50 per page (oversize). *X*
                4 pages at $ 2.50 per page (oversize). *X*
                40 pages at $ 1.00 per page (oversize). *X*
                3 pages at 50 cents per page (oversize). *X*
         Total cost (including tax):  $ 698.47
                *The price variation is due to variations in paper size.*

    b.

        1. Second Judicial District Court
            Plaintiffs' request: $ 7.95
            Price and Total # of copies: unknown
            Total cost: $ 7.35
                *Plaintiffs request 30 cents more than was incurred.*

        2.  Rose's Graphics
            Plaintiffs' request: $ 34.52
            Price: 15 cents - $ 1.75
            Total # of copies:
                54 pages at 15 cents per page. *X*
                18 pages at 99 cents per page (oversize). *X*
                4 pages at 80 cents per page (front & back covers). *X*
                2 binding units at $ 1.75 per page (wire binding).
            Total cost (including tax): $ 34.52

        3.  Fuzion Video Production
            Plaintiffs' request: $ 77.77
            Price: $ 5.00 - $ 65.00
            Total # of copies:
                ½ hour Video CD-ROM at $ 65.00 per hour.
                3 CD-ROM copies at $ 5.00 per copy. *X*
                4 CD-ROM label & cases at $ 6.50 per case.
            Total cost (including tax):  $ 77.77

c.

1. Eagle Eye- Aerial Photographs

    Plaintiffs' request:  $ 433.83

    Price: $ 15.00 - $ 185.00

    Total copies:

        2 color prints at $ 75.00 per print. *X*

        1 Access fee to aerial photo at $ 185.00 per access.

        5 prints at $ 15.00 per print. *X*

    Total cost (including tax):  $ 433.83

        *Plaintiffs request the costs of creating and copying an aerial photograph of the parking lot site.*

2. Pulp Faction

    Plaintiffs' Request:  $ 63.99

    Price: 7 cents per page

    Total copies: 864 pages *X*

    Total cost (including tax):  $ 63.99

3. Rose Graphics

    Plaintiffs' request:  $ 2,080.00

    Price: 10 cents - $ 10.99

    Total copies:

        2,945 pages at 11 cents per page. *X*

        5 tabs at 35 cents per tab.

        154 pages at 13 cents per page (color). *X*

        17 pages at 99 cents per page (oversize). *X*

        3 pages at 22 cents per page (oversize). *X*

        12,984 pages at 10 cents per page. *X*

        391 pages at 12 cents per page (color). *X*

        12 pages at 22 cents per page (oversize). *X*

        40 sets of tabs at 4.49 per set of tabs.

        5 binders at 10.99 per binder.

        2 binders at 8.88 per binder.

    Total cost (including tax) : $ 2,080.00

4. Fuzion Video Production

    Plaintiffs' request: $ 62.45

    Price: $ 6.50 - $ 65.00

    Total copies:

        ½ hour of video to CD-ROM at $ 65.00 per hour.

        1  CD-ROM case and label at $ 6.50 per case.

2 CD-ROM copies at $ 10.00 per copy. *X*
Total cost:  $ 62.45

5.  Kinko's
Plaintiffs' request: $ 145.47
Price: unknown
Total copies: unknown
Total cost: unknown
*This receipt is unreadable (the price was handwritten in by the Plaintiffs).*

d.
1.  Pulp Faction
Plaintiffs' request $ 3,778.72
Price: 15 cents - $ 84.00
Total copies:
29,835 pages at 75 cents per page. (discounted) *X*
399 pages at 65 cents per page. *X*
12 pages at $ 1.75 per page. *X*
4,035 pages at 15 cents per page. *X*
2 pages at $ 84.00 per page (color and oversize). *X*
1 page at $ 72.00 per page (color and oversize). *X*
4 pages at $ 52.00 per page (oversize). *X*
Total cost (including tax): $ 3,778.72

2.  U.S. District Court
Plaintiffs' request: $ 96.92
Price: $ 2.06 - $ 20.00
Total copies:
1 copy of Jury questionnaires at $ 20.00. *X*
35 pages at $ 2.06 per page. *X*
Total cost (including tax):  $ 96.92

3.  Eagle-Eye
Plaintiffs' request: $ 1,427.41
Price:  $ 20.00 - $ 170.00
Total copies:
1 access to photo at $ 65.00 per access.
6 color photos at $ 170.00 per photo. *X*
6 mounting for photos at $ 24.00 per mount.
6 charges for two-day rush services at $ 20.00 per charge.
Total cost (including tax): $ 1,427.41

19

*Includes a $ 120.00 rush service charge for aerial prints.*

4. Kinko's

Plaintiffs' request: $ 20.88

Total copies/Price:

22 minutes of computer access for $ 4.40.

1 print at 49 cents per print. *X*

3 color prints for $ 5.94. *X*

11 Color prints for $ 10.89. *X*

Total cost (including tax): $ 20.88

*Plaintiffs include 22 minutes of computer access.*

5. Walgreens

Plaintiffs' request: $ 57.71

Total copies/Price:

One hour photo prints: $ 14.14

One hour photo prints: $ 13.75

One hour photo prints: unknown (handwritten $ 29.?2)

Total cost: unknown

e.

Pulp Faction

Plaintiffs' initial request: $ 143.60

Plaintiffs' corrected request: $ 75.17

Price: 7 cents - 20 cents

Total copies:

782 pages at 9 cents per page. *X*

Total cost (including tax): $ 72.56

*Plaintiffs removed two invoices supporting its initial request by an Errata (Doc. No. 241). The remaining invoice supports a charge of $ 72.56.*

f.

Pulp Faction

Plaintiffs' request: $ 97.26

Price: 8 cents - 20 cents

Total copies:

1,114 pages at 8 cents per page. *X*

14 tabs at 20 cents per page.

Total cost (including tax) $ 97.26

20

g.

Pulp Faction

Plaintiffs' request:  $ 188.15
Price:  8 ½ cents - 85 cents
Total copies:

1,752 pages at 8 ½ cents per page. *X*
34 pages at 85 cents per page (color). *X*

Total cost (including tax): $ 188.15