IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW MEXICO

```
CHAVEZ PROPERTIES-AIRPORT     )
PARKING ALBUQUERQUE, LP       )
a Georgia limited partnership,)
and PARKING COMPANY OF        )
AMERICA, INC., a Georgia      )
corporation,                  )
                              )
            Plaintiffs,       )     CIV. 02-145 JP/ACT (ACE)
                              )
       v.                     )
                              )
JOHN LORENTZEN, individually  )     MEMORANDUM OPINION
and PARK AND SHUTTLE, INC.,   )
a New Mexico corporation, and )
WES GOLDEN, individually,     )
                              )
            Defendants.       )
_____)
```

This matter is before the Court on remand from the United States Court of Appeals from the Tenth Circuit to "make findings of fact and conclusions of law regarding the airport shuttle contract." The Court offered both parties the opportunity to submit additional briefs on this issue if they so desired. Additional briefs have been received from both the plaintiffs and the defendants. The Court has reviewed those briefs, as well as the record of this case as it relates to the remanded issue.

The defendants requested the opportunity for further hearing at which they would offer additional evidence. However, the Court notes this was an issue which was involved in the original trial. The Court overlooked that issue in its original memorandum opinion addressing the issues in this case and believes that both parties have had a full opportunity to develop

the evidence necessary to address and resolve this issue.  For those reasons, the defendants' request will be denied.

The Court issues this memorandum opinion as a supplement to its original opinion, and insofar as the statement of facts and conclusions of law are stated in that opinion, they are adopted by the Court to the extent they are relevant to the issues now before the Court.  The "airport shuttle contract" (Exhibit No. 64) was signed on January 15, 2002, by Wes Golden as a representative of the plaintiffs, and Jack Henderson on behalf of Airport Shuttle.  Airport Shuttle was a separate entity, owned by John Lorentzen.

Mr. Lorentzen was present when the contract was signed and he requested Mr. Henderson to sign the contract on his behalf because he had a concern as to whether there would be a conflict of interest if he signed the contract.  It was evident from the testimony and exhibits (See Exhibit Nos. 115 and 116) that Golden lacked the authority to enter into the contract on behalf of the plaintiffs.  In addition, the contract was negotiated and executed after Mr. Golden had been advised that he was to be replaced as manager of the Joint Venture property, and approximately ten days before he went to work for Mr. Lorentzen.  As this Court found in its memorandum opinion, affirmed by the United States Court of Appeals for the Eleventh Circuit, Lorentzen and Golden both breached their respective fiduciary responsibilities in this matter.

The evidence establishes that no payments were ever made by Airport Shuttle, although it effectively took over and occupied at least fifty parking stalls which the defendants roped off for Airport Shuttle's exclusive use. This included space on which a trailer was parked to be used as the office for Airport Shuttle (See Exhibit Nos. 278A and 278B). According to the testimony of Mr. Robert Chavez on November 13, 2003, the monthly rate for a parking space in the parking lot was $50 per month, or $600 per year. This rate, however, did not reserve a specific space, but permitted the party to park in any space that was available. There was no testimony as to what rate would be charged if a particular space was to be reserved for the use of only one person.

According to the terms of the joint venture agreement, the profits of the joint venture would be split between the parties with the plaintiffs receiving 57 per cent and Park and Shuttle receiving 43 per cent. The parties agreed that no money was ever paid by Airport Shuttle for the exclusive use of these fifty parking spaces. The Court finds that a reasonable rental for those spaces is $50 a month. Inasmuch as the prior resolution of the dispute between the parties has already accounted for any expenses that may have occurred from the period of January 15, 2003, to November 30, 2004, when the joint venture was dissolved between the parties, the Court finds that the $50 per space per month represents net profit to the joint venture. The period of time during which these spaces were devoted solely

to the use of Airport Shuttle represent twenty-two and a half months at $2,500 per month, for a total rental of $56,250. Fifty-seven per cent of this sum amounts to $32,062.50, which the Court finds as the damages sustained by the plaintiffs. New Mexico's statutorily mandated interest rate on this judgment is 8.75% per month (NMSA 1978 § 56-8-4(A)). Calculating interest at that rate from December 1, 2003, to date results in interest in the amount of $9,000.86. Accordingly, judgment will be entered for the plaintiffs and against defendants in the amount of $41,063.36. A separate order will be entered in accordance with this memorandum opinion.

DATED this 9th day of April, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court